| | |
|---|---|
| 1 | SEYFARTH SHAW LLP |
| 2 | Camille A. Olson (SBN 111919)<br>colson@seyfarth.com |
| 3 | Richard B. Lapp (SBN 271052)<br>rlapp@seyfarth.com |
| 4 | Christopher A. Crosman (SBN 190336)<br>ccrosman@seyfarth.com |
| 5 | 2029 Century Park East, Suite 33500<br>Los Angeles, California 90067-3021 |
| 6 | Telephone: (310) 277-7200<br>Facsimile: (310) 201-5219 |

SEYFARTH SHAW LLP
Candace Bertoldi (SBN 254725)
cbertoldi@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile:    (213) 270-9601

Attorneys for Defendant
SHIPT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BOSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHIPT, INC., a Delaware Corporation; ROB HOWARD, an individual and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT SHIPT, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**<br><br>(San Francisco Superior Court, Case No. CGC-24-612766)<br><br>Complaint Filed:   February 29, 2024<br>Trial Date:            None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF DAVID BOSON AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Shipt, Inc. ("Defendant") files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331, to effect the removal of the above-captioned action from the Superior Court of California, County of San Francisco, to the United States District Court for the Northern District of California. Removal is proper for the following reasons:

## I. BACKGROUND

1. On February 29, 2024, Plaintiff David Boson ("Plaintiff") filed a purported class and collective action complaint in the Superior Court of California for the County of San Francisco, titled "*DAVID BOSON, individually and on behalf of all others similarly situated, Plaintiff, v. SHIFT, INC. a Delaware Corporation; ROB HOWARD, an individual and DOES 1 through 100, inclusive, Defendants*," Case No. CGC-24-612766 ("Complaint").

2. Plaintiff's Complaint purports to allege class and collective action claims for relief against the defendants stemming from their alleged misclassification of Plaintiff and other individuals as independent contractors. Plaintiff alleges that, as a result of this purported misclassification, the defendants violated the Fair Labor Standards Act (the defendants allegedly "fail[ed] to pay Plaintiffs [sic] minimum wage for all hours worked and [] fail[ed] to pay Plaintiff time-and-a-half their regular hourly rate for all hours worked beyond forty per week as required by federal law, [which] violates 29 U.S.C. § 207.") (Compl. ¶ 79). Plaintiff's Complaint also asserts claims under California law for unreimbursed expenses, unpaid wages, penalties under the Labor Code, and Unfair Competition.

3. On March 20, 2024, Defendant received, via process server, the Summons, Complaint, and Civil Case Cover Sheet. A true and correct exemplar copy of the service packets received by Defendant is attached hereto as **Exhibit A**.

4. Exhibit A constitutes all process, pleadings, and orders filed by and served upon Defendant in this action, as of the filing of this Notice of Removal.

## II. TIMELINESS OF REMOVAL

5. The time for filing a Notice of Removal does not run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named Defendants' time to remove is triggered by simultaneous service of the summons and complaint").

6. The service of process which triggers the 30-day period to remove is governed by state law. *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

7. The 30-day time limit to remove was triggered by Plaintiff's service of the Summons and Complaint on March 20, 2024. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

8. This Notice of Removal is timely because it is filed within thirty (30) days of service of the Complaint, by personal service on the agents for service of process for Defendant, on March 20, 2024. Cal. Code Civ. Proc. § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery."); 28 U.S.C. § 1446(b).

## III. BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

9. 28 U.S.C. § 1331 provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over the instant action based on federal question jurisdiction in that Plaintiff's Complaint asserts collective action claims for unpaid minimum wages and overtime under the FLSA, 29 U.S.C. § 203 *et seq.*, a federal statute. (Exh. A, Compl. ¶ 79). Accordingly, this action presents a federal question over which this Court has original

1  jurisdiction under 28 U.S.C. § 1331, and removal of Plaintiff's Complaint is proper.  In this action, the
2  Court will be required to construe, interpret, and apply the FLSA to Plaintiff's claims.

3        11.     In the Complaint, Plaintiff also asserts California state law claims for unreimbursed
4  expenses, unpaid wages, penalties under the Labor Code, and Unfair Competition, which are part of the
5  same case or controversy as Plaintiff's FLSA claims over which the Court has original jurisdiction.
6  Therefore, pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the state law
7  claims alleged in Plaintiff's Complaint, which are so related to the claims over which this Court has
8  original jurisdiction under 28 U.S.C. § 1331 that they form part of the same case or controversy under
9  Article III of the United States Constitution.  *See* 28 U.S.C. § 1367(a).  Plaintiff's state law claims are
10 thus likewise removable to this Court based on federal-question jurisdiction.  *See United Mine Workers*
11 *v. Gibbs*, 383 U.S. 715, 725 (1966) ("[I]f, considered without regard to their federal or state character, a
12 plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial
13 proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear
14 the whole.").

## IV.  VENUE

16       12.     Venue lies in the United States District Court for the Northern District of California,
17 pursuant to 28 U.S.C. §§ 84(c), 1391(a), and 1441.  This action originally was brought in the Superior
18 Court of California for the County of San Francisco, which is located within the Northern District of
19 California.  28 U.S.C. § 84(c).  Therefore, venue is proper because it is the "district and division
20 embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## V.  NOTICE TO STATE COURT AND TO PLAINTIFF

22       13.     Defendant will give prompt notice of the filing of this Notice of Removal to Plaintiff,
23 Defendant Rob Howard and to the Clerk of the Superior Court of California for the County of San
24 Francisco.  The Notice of Removal is concurrently being served on all parties.

## VI.  PRAYER FOR REMOVAL

26       14.     WHEREFORE, Defendant prays that this civil action be removed from Superior Court of
27 California for the County of San Francisco to the United States District Court for the Northern District
28 of California.

3

SHIPT, INC.'S NOTICE OF REMOVAL

310566663v.1

| | |
|---|---|
| DATED: April 19, 2024 | Respectfully submitted, |
| | SEYFARTH SHAW LLP |
| | |
| | By: */s/ Christopher A. Crosman* |
| |     Camille A. Olson |
| |     Richard B. Lapp |
| |     Candace Bertoldi |
| |     Christopher A. Crosman |
| | Attorneys for Defendant |
| | SHIPT, INC. |